UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICOLE HOPE ARQUITT on behalf of
J.D.J.W.,

                Plaintiff,

**Hon. Hugh B. Scott**

                v.                **16CV888V**

**Report
and
Recommendation**

NANCY A. BERRYHILL[1], Acting
Commissioner of Social Security,

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 11 (plaintiff), 15 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The infant claimant ("J.D.J.W." or "claimant"; "plaintiff" refers to claimant's mother) filed an application for disability insurance benefits on February 25, 2013.   That application was denied initially.   The plaintiff appeared before an Administrative Law Judge ("ALJ"), who

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security.   Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

considered the case de novo and concluded, in a written decision dated April 1, 2015, that the claimant was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on September 9, 2016, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 3, 2016 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 11, 15), and the motions were deemed submitted on September 28, 2017 (Docket Nos. 17, 18).

## FACTUAL BACKGROUND[2]

Claimant was born on January 11, 2005, and is a school-age child and had no substantial gainful activity.

Claimant's impairments are attention deficit hyperactivity disorder (or "ADHD") and obsessive-compulsive disorder (or "OCD") (R. 29). The ALJ found that these impairments only caused moderate limitations (R. 29). Claimant also has a history of febrile seizure, but the ALJ determined this not to be severe (R. 29). Claimant was tested for autism and tested negative for that condition (R. 29).

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ found that claimant's severe limitations only caused moderate limitation and did not meet childhood listings for Autistic Disorder (Listing 112.01), ADHD (Listing 112.11), or Anxiety Disorders (Listing 112.06) (R. 29-30).

Plaintiff testified that claimant has difficulty with focus and concentration on his work and he takes longer to complete a task (R. 31). Noise distracts the claimant and he has to wear

---

[2]References noted as "(R.__)" are to the certified record of the administrative proceedings, filed with this Court as Docket No. 8.

2

headphones in school (R. 31). Claimant has difficulty making friends (R. 31). He takes medication including Ritalin and Risperdal and attends a 6:1:1 ratio classroom (R. 31). Claimant dislikes crowds and has meltdowns (R. 31).

Claimant's fourth grade teacher, Jeanmarie O'Connell, answered a teacher's questionnaire on January 5, 2015 (R. 212). As for acquiring and using information, O'Connell found claimant had a very serious problem in comprehending and doing math problems, a serious problem in applying problem-solving skills in class discussions, and obvious problems in comprehending oral instructions, understanding and participating in class discussions, expressing ideas in written form, learning new material, and recalling and applying previously learned material (R. 213). As for attending and completing tasks, O'Connell noted claimant had a very serious problem in changing from one activity to another without being disruptive, serious problems refocusing to task, carrying out multi-step instructions, completing class or homework assignments, completing work accurately without careless mistakes, working without distracting self or others, and obvious problems at several points, including paying attention when spoken to directly and waiting to take turns (R. 214). O'Connell stated that these problems were daily with some occurring hourly (R. 214). In her narrative comments, O'Connell said that claimant was somewhat immature and consistently sought attention, whether or not he needed it (R. 214). Claimant makes careless mistakes and works too quickly (R. 214). As for interacting and relating with others, O'Connell found claimant has a very serious problem seeking attention appropriately, expressing anger appropriately, and interpreting the meaning of facial expression, body language, hints or sarcasm (R. 215). She noted claimant also had serious problems playing cooperatively with other children and taking turns in conversation and obvious problems

making and keeping friends, following rules, and respecting/obeying adults in authority (R. 215). O'Connell found these problems mostly occurred daily, with problems in respecting or obeying adults occurring weekly (R. 215).

The ALJ did not discuss O'Connell's January 2015 findings.

Applying the six domains for determining disability for children, 20 C.F.R, § 416.924 (discussed below), claimant was less than marked for acquiring and using information; attending and completing tasks; and interacting and relating with others; he had no limitations for moving about and manipulating objects, caring for himself, or his health and physical well-being (R. 30, 34-39).   On three of the six domains at issue in this review, as for acquiring and using information, the ALJ concluded that claimant had less than marked limitation, resting on the findings from his second grade teacher that he had only a slight problem expressing ideas in written form and no other problems in this domain (R. 34, 182-83).   As for attending and completing tasks, the ALJ found that claimant had less than marked limitation, again citing his second grade teacher's evaluation that he did not have any difficulty if he took his prescribed medication (R. 35, 185).   As for claimant's interacting and relating with others, the ALJ also found that claimant had less than marked limitation, concluding that claimant only had problems expressing anger appropriately, and slight problems playing cooperatively, making and keeping friends, seeking attention appropriately, and taking turns in a conversation (R. 36, 184).

The ALJ concluded that claimant (as of April 1, 2015) did not have an impairment or combination of impairments, hence was not disabled (R. 39).

Despite further information from claimant's fourth grade teacher (R. 9), the Appeals Council denied review (R. 1).   The Appeals Council found that claimant's evidence from his

4

teacher from June 17, 2015 (R. 9), might show that he was disabled as of April 1, 2015; it was new information after the date of decision and did not affect the ALJ's determination of whether claimant was disabled on or before April 1, 2015 (R. 2).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

Ordinarily, in order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care

6

must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that results in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C). Under the regulations for this standard, the claimant child must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924. Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes a functional equivalent to a listed impairment, id. § 416.926a(a). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme.

7

For medical equivalence to be met, however, the impairment must be equal in severity and duration to the listed findings in the Social Security regulations, id. § 416.926(a). Medical equivalence is determined only upon medical evidence, id. § 416.926(b).

*Application*

In the instant case, plaintiff argues that the ALJ erred in disregarding new and material evidence submitted to the Appeals Council from one of claimant's elementary teachers. Claimant's fourth grade teacher, Ms. O'Connell, noted in a questionnaire that claimant has very serious problem with comprehending and doing math problems, changing from activity to another without being disruptive, seeking attention appropriately, expressing anger appropriately, and interpreting facial expression, body language, hints, and sarcasm (R. 212-19, 213-15; Docket No. 11, Pl. Memo. at 18). Plaintiff concludes that O'Connell's finding shows that claimant had an "extreme" limitation in one domain, acquiring and using information and claimant had three domains, acquiring and using information, attending and completing tasks, and interacting and relating with others, that are marked (Docket No. 11, Pl. Memo. at 18; R. 213-15). Instead, the ALJ relied upon the findings of claimant's second grade teacher (Docket No. 11, Pl. Memo. at 19). Plaintiff thus seeks to remand to have the ALJ consider O'Connell's evaluation (id. at 19-20). Plaintiff also argues that the record needs to be developed further because no in-school and private counseling records were reviewed (id. at 20-23). Finally, plaintiff argues that the ALJ failed to evaluate properly her credibility (id. at 23-25). The ALJ found that plaintiff was not entirely credible (R. 31) but plaintiff faults him for not saying why she was not fully credible (Docket No. 11, Pl. Memo. at 23).

Defendant Commissioner counters that the ALJ properly concluded that claimant did not have two marked limitations or one extreme limitation in functional domains (Docket No. 15, Def. Memo. at unnumbered pages ten to fifteen[3]). Considering O'Connell's evaluation, defendant points to the majority of activities that are not serious problems (id. at fourteenth page).

I.     O'Connell's Evaluation

This case should be remanded to allow the ALJ to consider O'Connell's evaluation of claimant. While the post-April 1, 2015, information may require a new application and not impact the evaluation of the ALJ's decision (cf. R. 2), the ALJ did not account for the January 2015 evaluation by O'Connell which states that he has an extreme limitation in one domain and marked limitations in at least two other domains.

II.    Remand for Developing Record

Since this Court recommends remand, the record should be opened to obtain records from claimant's in-school and private counseling, if available. Defendant points out that plaintiff's representative, during the hearing, stated that the school did not take notes during counseling sessions and plaintiff would try to obtain his counseling record but did not do so (Docket No. 15, Def. Memo. at eleventh page; R. 76-77).

III.   Credibility Assessment

The ALJ did not make a fully developed finding on plaintiff's credibility. Instead, the ALJ reviewed the rest of the record but did not point to where plaintiff was not credible due to the rest of the record. Defendant contends this review showed claimant having "significant

---

[3]This Court's Local Civil Rule 10(a)(5) requires pages of all other papers be consecutively numbered.

9


functioning" (Docket No. 15, Def. Memo. at thirteenth page; see R. 31).  Defendant points to plaintiff's contention that claimant was on the autism spectrum but his scores were in the non-spectrum range, concluding that plaintiff's autism contention impacts on plaintiff's credibility (Docket No. 15, Def. Memo. at thirteenth page).  Plaintiff replies that the ALJ did not cite this discrepancy in disputing her credibility (Docket No. 19, at 7).

The ALJ gave "the greatest weight" to the reports of his teachers 'inasmuch as teachers have the most direct and most frequent contact with the claimant" (R. 33) without showing how plaintiff's testimony was discounted by his teachers and by not considering teacher O'Connell. While claimant's teachers spend numerous hours with him during the day, the ALJ did not consider the time plaintiff spent with her child.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 15) should be **DENIED** and plaintiff's motion for similar relief in favor of her infant, claimant J.D.J.W. (Docket No. 11) should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                             *s/Hugh B. Scott*

                                             Hon. Hugh B. Scott
                                     United States Magistrate Judge

Buffalo, New York
April 5, 2018